IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LATRAYL D. ARTHER,

      Plaintiff,                                No. CIV S-07-2120 LEW DAD P

      vs.

BOARD OF PAROLE HEARINGS, et al.,

      Defendants.                     <u>ORDER</u>

_____/

        Plaintiff, a state prisoner in custody at Deuel Vocational Institution, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  The action was transferred to this court from the U.S. District Court for the Northern District of California because "[p]laintiff complains that his constitutional rights were violated by state officials located in Sacramento, California."  (Order of Transfer, filed 10/9/07, at 1.)

        In his civil rights complaint, plaintiff sets out vague and disjointed allegations.  For example, plaintiff contends that a "charge" was dismissed, that the arresting officer lied, and that he faces double jeopardy despite the dismissal of the charge.  Plaintiff requests that the court "overturn my violation sentence[,] dismiss my violation charge on the basis of the arresting officer's testimony and release me immediately as well as have this charge removed permanantely [sic] from my record."  (Compl. at 3-4.)  The court presumes that plaintiff is

1 challenging a parole revocation because he has named the Board of Parole Hearings and Deputy
2 Commissioner J. Nielsen as defendants.

3       Plaintiff is advised that when a prisoner challenges the fact or duration of his
4 custody and a determination of his action may result in plaintiff's entitlement to an earlier release,
5 his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475
6 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). It appears that plaintiff seeks habeas
7 relief because he seeks his release from custody. Therefore, the court will dismiss the complaint
8 and grant plaintiff leave to file an amended habeas petition. Plaintiff is advised that in his
9 amended petition, he must provide the date of the parole revocation hearing which he is
10 challenging. He must name as a respondent, the state officer having custody of him. See Stanley
11 v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir.1994). In addition, the exhaustion of state
12 court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C.
13 § 2254(b)(1). The exhaustion requirement is satisfied by providing the highest state court with a
14 full and fair opportunity to consider all claims before presenting them to the federal court. Picard
15 v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert.
16 denied, 478 U.S. 1021 (1986).

17       Plaintiff has filed an application requesting leave to proceed in forma pauperis.
18 The court will order plaintiff to file a new application on the form used by this district. Plaintiff
19 must also clarify whether he is currently receiving $800.60 per month in social security.

20       Accordingly, IT IS HEREBY ORDERED that:
21       1. Plaintiff's complaint is dismissed.
22       2. Plaintiff is granted thirty days from the date of service of this order to file an
23 amended petition for a writ of habeas corpus on the form provided by the court; the amended
24 petition must comply with the requirements of the Federal Rules of Civil Procedure; the petition
25 must bear the docket number assigned this case and must be labeled "Amended Petition;"
26 plaintiff must file an original and one copy of the amended petition.

3. Plaintiff must file a new application requesting leave to proceed in forma pauperis.

4. The Clerk of the Court is directed to provide plaintiff with the court's form petition for a writ of habeas corpus by a state prisoner and an application for requesting leave to proceed in forma pauperis.

5. Plaintiff's failure to comply with this order will result in the dismissal of this action.

DATED: October 17, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
arth2120.9

3