IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LATRAYL D. ARTHER,

      Petitioner,                         No. CIV S-07-2120 LEW DAD P

   vs.

BOARD OF PAROLE HEARINGS,      ORDER AND
et al.,

                                      FINDINGS AND RECOMMENDATIONS
      Respondents.

         Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner initially filed a civil rights action pursuant to 42 U.S.C. § 1983 in the U.S. District Court for the Northern District of California. Because petitioner had named defendants that were located in Sacramento, California, the case was transferred to this court. This court determined that petitioner sought to challenge the revocation of his parole. Therefore, on October 18, 2007, the court ordered petitioner to file an amended petition for a writ of habeas

/////

1

corpus and to name the state official having custody of petitioner. The court also ordered petitioner to file a new application requesting leave to proceed in forma pauperis.

In his amended petition, petitioner states that he is currently in custody at Deuel Vocational Institution; however, he has incorrectly named the Board of Parole Hearings as the respondent. Petitioner was previously advised that in his amended petition he needed to name the state officer having custody of him as the respondent. See Order, filed 10/18/07, at 2 (citing Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994)). The court lacks jurisdiction when the habeas petition does not name the proper respondent. Olson v. California Adult Authority, 423 F.2d 1326 (9th Cir. 1970).

In addition to the jurisdictional defect, the court finds that petitioner has not exhausted state court remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). In his amended petition, petitioner does not indicate that he has filed any state appeals or state habeas petitions challenging the June 15, 2007 revocation of his parole. While petitioner has submitted copies of inmate/parolee administrative appeal forms, this is not sufficient to satisfy the requirement that petitioner exhaust all federal habeas claims by presenting them to the highest state court before presenting them to the federal court . Accordingly, the petition should be dismissed without prejudice.[1]

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's November 20, 2007 application requesting leave to proceed in forma pauperis, is granted;

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the amended petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for lack of jurisdiction and failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 6, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
arth2120.103